IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| VICTOR VEGA, #1447025 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv172 |
| TOWN OF FLOWER MOUND, TEXAS, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Victor Vega, an inmate confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the Defendants' motion to dismiss, treated as a motion for summary judgment, should be granted. Plaintiff has filed objections.

As a preliminary matter, Plaintiff discusses state law regarding discovery. This lawsuit, however, is governed by federal law. Plaintiff has not shown that he has been denied any rights to discovery under federal law.

Plaintiff also objects to the conclusion that his lawsuit, which is a property claim, is barred by *Hudson v. Palmer*, 468 U.S. 517 (1984), and *Parratt v. Taylor*, 451 U.S. 527 (1981) (hereinafter "*Hudson/Parratt*" Doctrine). In discussing the *Hudson/Parratt* Doctrine, the Fifth Circuit has found that the "Texas court system provide[s] an adequate postdeprivation remedy through the right to appeal to restore any wrongfully taken property to its owner." *Holloway v. Walker*, 784 F.2d 1298, 1292 (5th Cir. 1986). Plaintiff's claim is barred by the *Hudson/Parratt* Doctrine.

1

Plaintiff argues in his objections that an exception to the *Hudson/Parratt* Doctrine should apply. Magistrate Judge Nowak, however, discussed in the alternative the merits of his property claim and concluded that he had been provided due process. Plaintiff was provided due process before his property was destroyed.

Magistrate Judge Nowak also correctly found that the Defendants persuasively argued that the lawsuit is barred by the two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.003. Plaintiff's property was seized in conjunction with criminal proceedings. He was convicted in 2007. A state judge issued an order authorizing Defendant Burgess and an Assistant District Attorney to dispose of the property on April 19, 2011. On January 8, 2013, the Denton County District Clerk mailed a notice of the Clerk's intention to dispose of the property to Plaintiff's attorney. The letter included provisions for counsel to claim the property by February 15, 2013. The property was subsequently destroyed on November 19, 2013. The present lawsuit was not filed until more than two years later on March 4, 2016. Plaintiff argues in his objections that he did not receive notice, but notice was sent to his attorney of record. The present lawsuit is time-barred.

Finally, Magistrate Judge Nowak correctly found that Defendants Kotila and Burgess are entitled to qualified immunity to the extent that they have been sued in their individual capacities. The defense of qualified immunity protects government officials performing discretionary functions from "liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). "When properly applied, it protects all but the plainly

incompetent or those who knowingly violate the law." *Id.* (internal quotation marks omitted). Plaintiff has not shown that the Defendants violated his statutory or constitutional rights or that they violated clearly established statutory or constitutional rights of which a person would have known. In his objections, Plaintiff merely renews his meritless argument that the notice provided deprived him of constitutionally protected rights. The Defendants are entitled to summary judgment.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections raised by Plaintiff lack merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Defendants' 12(b)(6) motion to dismiss (Dkt. #20), treated as a motion for summary judgment under Rule 56, is **GRANTED** and the lawsuit is **DISMISSED** with prejudice. All other motions not previously ruled on are **DENIED**.

**SIGNED** this 2nd day of March, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE